# IN THE COURT OF APPEALS OF IOWA

No. 24-0414
Filed July 2, 2025

**DONALD ANTONIO VAUGHN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, Judge.


An applicant appeals the denial of his DNA profiling application under Iowa Code chapter 81 (2023). **AFFIRMED.**


Jeff Wright, State Public Defender, and Gregory F. Greiner, Assistant Public Defender, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee State.


Considered without oral argument by Ahlers, P.J., Buller, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**VOGEL, Senior Judge.**

In 2006, Donald Vaughn was convicted of seven offenses, including first-degree murder, for the killing of Matthew Glover.  He directly appealed those convictions, and our supreme court dismissed the appeal as frivolous.  *See Vaughn v. State*, No. 11-0147, 2013 WL 5743668, at \*2 (Iowa Ct. App. Oct. 23, 2013).  Since then, Vaughn has repeatedly tried to show he was wrongly convicted, filing four unsuccessful applications for postconviction relief (PCR) between 2009 and 2020.  *See Vaughn v. State*, No. 20-1118, 2021 WL 5467316, at \*1 (Iowa Ct. App. Nov. 23, 2021).

In May 2023, Vaughn filed his fifth PCR application.  There, he requested DNA testing of two light-colored hair strands found on the victim's body—hair strands that were known to Vaughn and explored by his counsel during the criminal trial.  He later expanded his application to add DNA testing of a cellphone.

After a minor procedural morass,[1] Vaughn recast his PCR application as a request for DNA profiling under Iowa Code chapter 81.  *See generally* Iowa Code

---

[1] The State initially moved to dismiss, arguing DNA-profiling applications must be filed in the underlying criminal case.  The court disagreed, finding "[t]he statute does not require the application be filed in the criminal case." *But see Cue v. State*, No. 22-1133, 2024 WL 702234, at \*2 (Iowa Ct. App. Feb. 21, 2024) (noting the district court instructed a DNA-profiling application "should have been filed in the underlying case, not the postconviction case").  Whether these applications should be filed as standalone cases, within PCR cases, or within underlying criminal cases may carry procedural consequences, including the statute of limitations issue implicated here, *see, e.g.*, *Cannon v. State*, No. 17-0888, 2018 WL 2727723, at \*1–2 (Iowa Ct. App. June 6, 2018) (applying PCR limitations period to a DNA-profiling motion filed within a PCR case), or the scope of judicial notice, *see, e.g.*, *Carter v. State*, No. 23-1592, 2025 WL 1452954, at \*1–2 (Iowa Ct. App. May 21, 2025) (declining to take judicial notice of the underlying criminal file in an appeal from a standalone DNA-profiling case).  Because this appeal does not require us to address these issues, we merely note these recurring yet unresolved issues.

§§ 81.10, 81.11 (2023). The State's answer denied that Vaughn met the requirements for DNA profiling, specifically disputing that any test results would create a reasonable probability of acquittal. *See id.* § 81.11(1)(e) (requiring applicants to show the "results would raise a reasonable probability that the defendant would not have been convicted if such results had been introduced at trial"). The district court set the application for hearing.

After receiving oral arguments from the parties, the district court dismissed the application. As an initial matter, even without DNA testing, Vaughn's criminal defense counsel used the two light hair strands as part of his defense at trial, inferring they showed that another person could have been responsible for the murder. More relevant here, the court first found that Vaughn's application should be dismissed under the three-year statute of limitations governing PCR actions. *See id.* § 822.3. Additionally, even if the limitations period did not bar the action, the court also held Vaughn failed to show that profiling the hair strands or cellphone would undermine his conviction, as the evidence against him was overwhelming and any test results would not have altered his theory at trial. Vaughn did not move to enlarge or reconsider, instead promptly filing a notice of appeal.

In his appellant brief, Vaughn exclusively argues that dismissing his application without first receiving a dispositive motion from the State or conducting an evidentiary hearing violated his state and federal due-process rights. However, this argument cannot leave the starting blocks because it was neither raised nor decided below. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Our error-preservation requirements apply with equal force to constitutional issues, which must still "be presented to and ruled upon by the district court in order to

preserve error for appeal." *In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) (holding that a due-process claim based on ending a "hearing without allowing [the party] to present more evidence and to testify" was not preserved). Because Vaughn never objected to any procedural deficiencies before or during the hearing, nor did he file a motion under Iowa Rule of Civil Procedure 1.904(2) after the ruling raising these constitutional concerns, we are left without a ruling to review.[2]

Finding no error preserved for appellate review, the district court is affirmed.

**AFFIRMED.**

---

[2] Couched within his due-process argument, Vaughn's brief makes a passing reference to an alleged fact dispute over whether his requested DNA profiling could create a reasonable probability of acquittal. Yet Vaughn's minimal discussion does not direct us toward anything within the voluminous criminal record to support his argument. Instead, he merely posits that "one can think of a variety of ways that it could be help [sic] shed light on what persons were in contact with the decedent at the time of his death." We decline to assume a partisan role and comb the record for evidence to support Vaughn's position. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996). Thus, to the extent Vaughn also intended to appeal the merits of district court's decision, we find the issue waived.